## JOHN C. BUCKNER v. GEO. W. EDWARDS.

**Bills and Notes—Consideration.**

   A benefit to one party and some prejudice to the other is sufficient consideration to sustain a note.

**Trusts—Note Executed to Executors—Bankruptcy.**

   A note executed to persons as executors is held in trust for the estate, and does not pass into the hands of the assignee in bankruptcy, on application by the executor for the benefit of the bankrupt law.

APPEAL FROM GREEN CIRCUIT COURT.

December 15, 1872.

OPINION BY JUDGE PETERS:

Appellee alleged in his original petition that his co-obligee had transferred the benefit of the note to him; that he was the sole owner thereof, and made the co-obligee a defendant, who was

served with process, and failed to answer; consequently the first paragraph controverting the ownership of appellee to the note sued on, presented no defense.

There was no evidence to sustain the second paragraph charging fraud.

After appellee and Wm. S. Buckner had been removed as executors, appellant entered into the compromise arrangement with them, having full knowledge of all the facts, promised to pay the amount agreed upon and had the agreement executed on the part of appellee and Wm. S. Buckner, and the suit against appellant for a much larger amount than the note sued on dismissed; whereby benefit resulted to him and some prejudice to them which formed a valid consideration for the note.

The note as evidence of a debt against appellant dated the 12th of February, 1856, was executed to Edwards & Buckner as executors, and the same when they applied for and got the benefit of the bankrupt law was held in trust for the benefit of the estate of their testator, and did not pass to their assignees in bankruptcy, and the note sued on was executed two years after their discharge. Every fact relied on in the answer as material was known to appellant before he executed the note sued on, and it seemed important to him to have the suit dismissed which was pending against him when the note in question was executed and that he accomplished and having procured the contract to be executed on the part of Edwards and Crawford so far as it benefited him, it is not graceful in him to endeavor to evade the execution on his part.

Judgment *affirmed*.

*Rush*, for appellant.

*Chelf*, for appellee.